IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA WHEATEN (#10005-035), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2536 |
| | § | |
| WARDEN JOYCE FRANCIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Federal prisoner Angela Wheaten has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge a policy by the United States Bureau of Prisons regarding placement of prisoners in a community confinement center. After reviewing all of the pleadings, and the applicable law, the Court **denies** the petition and **dismisses** this case for reasons that follow.

### I. BACKGROUND

Wheaten advises that she was sentenced to 108 months of imprisonment in the United States District Court for the Western District of Louisiana, on April 12, 1999, following her conviction for an undisclosed offense. Wheaten does not challenge her underlying conviction here. Instead Wheaten has filed a federal habeas corpus petition under 28 U.S.C. § 2241 to challenge a revised policy implemented by the Bureau of Prisons (the "BOP") that will purportedly affect her sentence.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is correctly used to challenge the manner in which a sentence is executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). A § 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting the length of its duration "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Because the petitioner is in custody at the nearby Federal Prison Camp in Bryan, Texas, this Court has jurisdiction over her petition.

The challenged policy was revised and implemented by the BOP in December 2002. This revised policy reportedly limits the amount of time that defendants sentenced to imprisonment may spend in a community confinement center ("CCC"), sometimes referred to as a halfway house, prior to their release from custody. According to Wheaten, she is entitled to relief under § 2241 because the policy, as revised by the BOP in December 2002, is based on an incorrect interpretation of the federal statutes concerning placement of offenders in CCC facilities. *See* 18 U.S.C. § 3624. Wheaten argues that the policy, as revised in December 2002, is illegal. In particular, Wheaten contends that the revised policy violates her rights under the Fifth and Fourteenth Amendments. The Court concludes, however, that the petition must be dismissed for reasons set forth briefly below.

## II.     DISCUSSION

Wheaten concedes that she has failed to exhaust her administrative remedies by presenting her claims to the BOP before filing this suit. The Fifth Circuit has determined that a federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust his

administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted); *Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted)).

The BOP has established a three-tiered administrative remedy procedure for federal prisoners. *See* 28 C.F.R. §§ 542.10 – 542.19 (2003). Under this system, an inmate may file a formal grievance with the warden if informal resolution is not successful. *See id.* at § 542.13. Once the warden denies an inmate's grievance, the prisoner may appeal to the Regional Director. If dissatisfied with that response, the inmate may pursue a final appeal to the BOP's Office of General Counsel. *See id*. at § 542.15(a). Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels. *See Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert denied*, 516 U.S. 835 (1995).

Wheaten argues that she is not required to exhaust her administrative remedies in this instance because it would be futile to do so. Exceptions to the exhaustion requirement are appropriate only where "'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quotation omitted). The petitioner bears the burden of showing the futility of exhaustion. *Id*.

In support of her contention that exhaustion would be futile in this case, Wheaten points to *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004), which addressed the BOP's December 2002 policy regarding CCC placement. In *Elwood*, the Eighth Circuit held that the petitioner was not required to exhaust administrative remedies where the policy adopted by the BOP was inflexibly applied. In the present case, however, Wheaten alleges that other prisoners have successfully challenged the BOP's December 2002 policy on CCC placement and that these individuals have obtained relief. Wheaten observes that the BOP has actually "settled" with certain prisoners who have challenged the December 2002 policy. (Docket Entry No. 1, Petition, at 6). Thus, Wheaten does not show that the challenged policy is inflexibly applied.

More significantly, it appears that a new policy on CCC placement has recently superseded the one challenged by Wheaten. *See Community Confinement*, 70 Fed. Reg. 1659 (Jan. 10, 2005) (To be codified at 28 C.F.R. § 570.21); *see also Bilinsky v. Federal Bureau of Prisons*, 2005 WL 1475558 (D. N.J. June 22, 2005) (denying habeas corpus relief on a challenge to the December 2002 policy on placement in a community confinement center in light of the changed policy). These new regulations reportedly went into effect on February 14, 2005. Because Wheaten has not clearly shown that exhaustion would be futile, her petition is therefore subject to dismissal for failure to exhaust administrative remedies.

### III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

4

1.  The petition for a federal writ of habeas corpus (Docket Entry No. 1) is **DENIED**.

2.  This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **July 26, 2005**.

_____
Nancy F. Atlas
United States District Judge